Filed 2/2/23  P. v. Shabazz CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA SHABAZZ,<br><br>    Defendant and Appellant. | B319901<br><br>(Los Angeles County<br>Super. Ct. No. BA047906) |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Joshua Shabazz appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2] His appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Although Shabazz is not entitled to *Wende* review of the challenged order (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*)), we nevertheless conduct that review because this court did not inform Shabazz that we may deem his appeal abandoned if he did not file a supplemental brief. Based on that review, we find no arguable issues and affirm the court's order.

## FACTUAL AND PROCEDURAL SUMMARY

In October 1991, Shabazz shot Carl Sturdivant in the chest with a shotgun from a distance of about eight feet. Sturdivant died as a result.

The District Attorney charged Shabazz with murder and alleged that he personally used a firearm in committing the crime.

Shabazz testified in his defense at trial and asserted that he shot Sturdivant in self-defense.

The jury convicted Shabazz of murder in the second degree and found true the firearm allegation. The court sentenced him to prison for 24 years to life. We affirmed the judgment in an unpublished opinion. (*People v. Shabazz* (Apr. 29, 1997, B101604).)

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in its text (Stats. 2022, ch. 58, § 10). For the sake of consistency, we will refer to the current statutory designation.

On March 30, 2022, Shabazz filed a petition for resentencing under section 1172.6, in which he requested the appointment of counsel. Shabazz used a preprinted form that provided checkboxes corresponding to the statutory requirements for a facially sufficient petition under section 1172.6. (See § 1172.6, subds. (a), (b)(1).) Shabazz did not check the box next to the statement that he was convicted of murder, attempted murder, or manslaughter.[3]

In a statement attached to the petition, Shabazz asserts that he could not now be convicted of murder because he was convicted of second degree murder and "the prosecution did not prove any kind of deliberate premed[ita]tion or malice in [his] murder trial." He states further that he "was the only witness to the shooting," and asks rhetorically, "how could the prosecution prove murder when the court records [show] there was no prosecution witnesses to the shooting . . . ?"

On March 30, 2022, the superior court summarily denied the petition "because it is facially insufficient to establish that [Shabazz] is legally eligible for resentencing."

Shabazz filed a timely notice of appeal.

As noted at the outset, Shabazz's counsel filed a brief identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues pursuant to *Wende*.

According to counsel's declaration, counsel informed Shabazz of his intention to file the *Wende* brief and of Shabazz's right to file

---

[3] The form Shabazz used states that it has two pages, but only the first page is included in our record. Shabazz's counsel sought to augment the record pursuant to California Rules of Court, rule 8.320 with additional pages of the petition "if they exist." The superior court clerk, however, indicated that no additional pages are in the court's file.

a supplemental brief. On December 5, 2022, counsel filed his brief and sent a copy of the brief to Shabazz.

On December 5, 2022, this court's clerk sent a letter to Shabazz informing him that his counsel had filed a brief pursuant to *Wende*, and stating that Shabazz may submit a supplemental brief or letter stating any ground for appeal or contentions or argument he wishes us to consider.

Neither Shabazz's counsel nor this court informed Shabazz that the failure to file a supplemental brief might be deemed an abandonment of his appeal and result in its dismissal.

Shabazz did not file a supplemental brief.

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill No. 1437 also enacted section 1172.6, which provides a procedure whereby a defendant "convicted of felony murder" may file a petition to have the murder conviction vacated and "be resentenced on any remaining counts." (§ 1172.6, subd. (a).) A defendant makes a prima facie case for relief under this section if, among other requirements, the defendant "could not presently be convicted of murder" under the amendments to sections 188 or 189 that became effective on January 1, 2019. (§ 1172.6, subd. (a)(3).) If the petitioner sets forth a "facially sufficient" petition, he or she is entitled to the appointment of counsel, if requested. (*People v. Lewis* (2021) 11 Cal.5th 952, 970.) An error in failing to appoint counsel and summarily denying a petition is harmless if the record of conviction establishes as a matter of law that defendant was convicted under a theory of murder that remains valid after the effective date of

4

Senate Bill No. 1437. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677−678, review granted Feb. 24, 2021, S266336, review dism. Dec. 1, 2021.)

In *Delgadillo, supra*, 14 Cal.5th 216, our Supreme Court considered the procedures "Courts of Appeal must follow when counsel determines that an appeal from an order denying postconviction relief under [section 1172.6] lacks arguable merit and . . . whether defendants are entitled to notice of these procedures." (*Delgadillo, supra,* at p. 221.) The appellant in that case had appealed from the denial of a petition for resentencing under section 1172.6. (*Delgadillo, supra,* at p. 223.) Appellant's appointed counsel filed a brief specifying no issues on appeal and requesting the court conduct an independent review of the record in accordance with *Wende*. The Court of Appeal informed the appellant by letter that his counsel had filed a *Wende* brief and that the appellant may file a supplemental brief with the court. (*Delgadillo, supra,* at pp. 223−224.) The court did not inform the appellant that the court would dismiss the appeal as abandoned if no supplemental brief was filed. (*Id.* at p. 233.) The appellant did not file a supplemental brief. (*Id.* at p. 224.)

The *Delgadillo* court held that the procedures established in *Wende* do not apply to an appeal from the denial of postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.) Instead, "[w]hen appointed counsel finds no arguable issues to be pursued on appeal[,] . . . the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231−232.)

Applying this principle to the facts in the case, the Supreme Court explained that the Court of Appeal's letter to the appellant, which cited *Wende*, provided notice to the appellant that "directly

5

implicates the core holding of *Wende*," that is, that the court is required " 'to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally.' " (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) The court stated that the appellant "reasonably could have concluded from this notice that the *Wende* procedures would apply and that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief— even though the Court of Appeal later determined, without providing an opportunity to be heard on the matter, that *Wende* was inapplicable. The notice further did not inform [the appellant] that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed." (*Delgadillo*, *supra*, at p. 233.) In *Delgadillo*, the Attorney General conceded that the Court of Appeal "should ordinarily 'give the appellant clear notice that the court will dismiss the appeal as abandoned if no supplemental brief is received.' " (*Ibid.*)

The Supreme Court held, however, that despite the Court of Appeal's "suboptimal" notice to the appellant, the court could "determine, based on [its] independent review of the record, that [the appellant] is not entitled to any relief under section 1172.6. Indeed, the record [in *Delgadillo*] makes clear that [the appellant] was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) Thus, although the Court of Appeal did not comply with the procedure announced in *Delgadillo* that the court inform appellants that it may dismiss their appeal as abandoned in the absence of a supplemental brief, a reviewing court may nevertheless affirm the challenged order by, in effect, conducting the "independent review of the record" (*ibid.*) required under *Wende*.

Here, as in *Delgadillo*, this court informed Shabazz that his counsel had "filed an appellant's opening brief that raises no issues," citing *Wende*. The notice, like the notice in *Delgadillo*, informed appellant that he may submit a supplemental brief, but failed to inform him that the court may deem his appeal abandoned and dismiss it on that basis if he does not file a supplemental brief.

As in *Delgadillo*, we may nevertheless affirm the court's order if we "determine, based on our independent review of the record, that [the appellant] is not entitled to any relief under section 1172.6." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

Here, the court summarily denied Shabazz's section 1172.6 petition "because it is facially insufficient to establish that [Shabazz] is legally eligible for resentencing." The only apparent basis for reaching this conclusion is Shabazz's failure to check the box on his printed petition to indicate that he was convicted of murder, attempted murder, or manslaughter. The unchecked box, however, does not necessarily warrant the denial of counsel or the summary denial of the petition. Section 1172.6, subdivision (b)(3) provides that "[u]pon receiving . . . a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." Here, the court could have readily ascertained the omitted fact that Shabazz had been convicted of murder. The jury's verdict, the sentencing record, the abstract of judgment, and our prior opinion each establish that Shabazz was convicted of murder. Indeed, Shabazz's statement accompanying his petition states that he was "convicted of second degree murder." It was thus error to deny Shabazz appointed counsel based on the insufficiency of the petition.

The court's failure to appoint counsel and its summary denial of a section 1172.6 petition when the petition is facially sufficient (or its sufficiency can be readily ascertained from the record) is

7

harmless if the record of conviction establishes as a matter of law that defendant was convicted under a theory of murder that remains valid after Senate Bill No. 1437. (*People v. Daniel*, *supra*, 57 Cal.App.5th at pp. 677−678.)

Here, the record of conviction establishes that Shabazz, like the appellant in *Delgadillo*, "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) Shabazz did not deny these facts; his defense at trial was that he killed Sturdivant in self-defense. This case did not involve, and Shabazz did not assert in his resentencing petition that it did involve, either the felony-murder or the natural and probable consequences doctrines that were narrowed or eliminated as theories of murder by Senate Bill No. 1437. Thus, as in *Delgadillo*, we can "determine, based on our independent review of the record that [the appellant] is not entitled to any relief under section 1172.6." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) We therefore affirm the order denying Shabazz's petition for resentencing.

## DISPOSITION

The court's March 30, 2022 order denying Shabazz's petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED</u>.

                                        ROTHSCHILD, P. J.

We concur:


CHANEY, J.


WEINGART, J.

9